UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS, et al., | No.  2:15-cv-1838 MCE CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| GROVES AT MANZANITA, et al., | |
| Defendants. | |

Pending before the court are defendants' motion for more definite statement, motion to strike (Anti-SLAPP, Cal. Code Civ. P. § 425.16), and motion to declare plaintiffs vexatious litigants.  The motions were submitted on the papers.  ECF No. 42.  Upon review of the documents in support and opposition,[1] and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Defendants move for a more definite statement, contending that plaintiffs' first amended complaint does not meet federal pleading standards and is incomprehensible.  This contention is well taken.

---

[1] Both defendants and plaintiffs have filed objections to submissions by the opposing side. Defendants' objections (ECF No. 37) are sustained.  Plaintiffs' objections (ECF Nos 45, 46) are overruled.  In ruling on the pending motions, the court has taken judicial notice only of orders filed in this court and other courts.

1

1    Motions for more definite statement are governed by Rule 12(e).  "Rule 12(e) is designed

2    to strike at unintelligibility, rather than want of detail."  Woods v. Reno Commodities, Inc., 600

3    F.Supp. 574, 580 (D.Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F.Supp. 1364,

4    1385 (N.D. Cal. 1980).  Rule 12(e) permits a party to move for a more definite statement "[i]f a

5    pleading is so vague that a party cannot reasonably be required to frame a responsive pleading."

6    The function of such a motion is thus not to require the pleader to disclose details of the case,

7    Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104, 1114 (N.D. Cal. 1979), nor to

8    provide the evidentiary material that may properly be obtained by discovery.  Famolare, Inc. v.

9    Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981).  A motion for more definite

10   statement should be denied if a pleading meets federal standards by providing a "short and plain

11   statement" of the claim showing that the pleader is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).

12   Plaintiff's first amended complaint comprises 120 pages with 176 pages of exhibits.  The

13   first amended complaint is prolix, unintelligible, does not clearly set forth what claims are

14   brought against which defendants, and falls woefully short of articulating any of the elements of

15   the alleged causes of action.  Defendants' motion for more definite statement will therefore be

16   granted.  Plaintiffs will be afforded an opportunity to file a second amended complaint.

17   Plaintiffs are advised that in the second amended complaint, the basis for federal

18   jurisdiction should be set forth in the first paragraph.  Federal Rule of Civil Procedure 8(a).  For

19   each cause of action, the defendants against whom the cause of action is brought should be

20   specifically identified.

21   With respect to any claim for fraud, plaintiffs must set forth specific allegations.   Rule

22   9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party

23   must state with particularity the circumstances constituting fraud or mistake.  Malice, intent,

24   knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.

25   9(b).  These circumstances include the "'time, place, and specific content of the false

26   representations as well as the identities of the parties to the misrepresentations.'"  Swartz v.

27   KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park,

28   Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120,

1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

With respect to any claims predicated on violations of state law, plaintiffs must carefully adhere to the pleading requirements for stating a cause of action. For instance, plaintiffs in the first amended complaint allege financial elder abuse, but they allege no conduct which violates California Welfare and Institutions Code § 15610.30. Similarly, the first amended complaint alleges a cause of action for retaliatory eviction but fails to identify any rights they exercised or prohibited acts that would constitute retaliation under California Civil Code § 1942.5. Plaintiffs' claim for malicious prosecution is similarly deficient in that plaintiffs plead no prior action in which plaintiffs prevailed. In addition, several of plaintiffs' causes of action, as presently pled, appear to be barred under the anti-SLAPP provisions of California Code of Civil Procedure § 425.16.[2]

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. To foster compliance with the requirement of Federal Rule of Civil Procedure 8 that the

---

[2] Because the court has determined that the pleadings at present must be amended, the motion to strike will be denied without prejudice to its renewal after the filing of the second amended complaint. Plaintiffs are cautioned, however, that defendants' arguments with respect to the motion to strike appear to be well taken. Any causes of action for senior elder financial abuse, retaliatory eviction, violation of California Business and Professions Code § 17200 and malicious prosecution pled in the second amended complaint cannot be predicated on the three-day notice and/or the unlawful detainer action instituted against plaintiffs.

complaint must set forth a short and plain statement of the claims, the second amended complaint will be limited to 40 pages.

Defendants also move to have plaintiffs declared vexatious litigants. Defendants seek an order requiring plaintiffs to post security before proceeding further in this action. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007). Local Rule 151(b) provides, in pertinent part: "The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." Cal. Civ. Proc. Code, Title 3A, part 2, commencing with § 391.[3] A vexatious litigant

---

[3] Cal. Civ. Proc. Code § 391 provides:

As used in this title, the following terms have the following meanings:
(a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court.
(b) "Vexatious litigant" means a person who does any of the following:
　　(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
　　(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
　　(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
　　(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
(c) "Security" means an undertaking to assure payment, to the party for whose benefit the

4

1  is, inter alia, a person acting pro se who "repeatedly files unmeritorious motions, pleadings, or

2  other papers" or "engages in other tactics that are frivolous or solely intended to cause

3  unnecessary delay."  Cal. Civ. Proc. Code § 391(b)(3).  Defendants contend plaintiffs meet this

4  standard as well as subsections (b)(1) (five litigations in preceding seven years determined

5  adversely to plaintiff) and (b)(4) (previously declared a vexatious litigant).

6        While many of plaintiffs' pleadings in this action are unintelligible, a review of the docket

7  does not indicate that plaintiffs have repeatedly filed frivolous motions or engaged in other tactics

8  intended to cause unnecessary delay.  Although defendants may view plaintiffs' pleadings as

9  meritless, at this stage of the litigation, the court does not find imposition of a vexatious litigant

10  order under subsection (b)(3) is warranted.

11        Defendants assert that plaintiff Howard Herships has had at least five litigations

12  determined adversely to him and thus should be declared vexatious under subsection (b)(1).

13  Defendants contend that plaintiff Herships has had three habeas petitions[4] determined adversely

14  to him, lost a case against the County of Santa Clara, and had a case against the State of

15  California dismissed for lack of jurisdiction.  Review of the cases cited by defendants does not

16  support defendants' contention that plaintiff meets the statutory definition.  The first habeas case,

17  filed in the Northern District (No. C 09-4713 MMC (PR)), was dismissed and was determined

18  adversely to plaintiff.  ECF 21-1, p.4-6.  In the second habeas case cited by defendants, however,

19  

20  undertaking is required to be furnished, of the party's reasonable expenses, including attorney's
   fees and not limited to taxable costs, incurred in or in connection with a litigation instituted,

21  caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

22     (d) "Plaintiff" means the person who commences, institutes or maintains a litigation or
   causes it to be commenced, instituted or maintained, including an attorney at law acting in propria

23  persona.

24     (e) "Defendant" means a person (including corporation, association, partnership and firm
   or governmental entity) against whom a litigation is brought or maintained or sought to be

25  brought or maintained.

26  [4]  Plaintiff contends that a habeas action does not constitute "litigation" within the meaning of the
   vexatious litigant statute, citing In re Bittaker, 55 Cal. App. 4th 1004 (1997).  That case appears

27  to be inapposite.  The issue presented in Bittaker was whether a habeas petition was subject to a
   previously issued vexatious litigant order, not whether a habeas petition was included in the

28  statutory definition of "litigation" under subsection (b)(1).

1    the court simply denied plaintiff permission to file.  ECF 21-1, p. 7-8.  This case does not appear

2    to meet the statutory definition of "adversely determined."  See Fink v.Shemtov, 180 Cal. App.

3    4th 1160, 1172-1173 (2010).  The third habeas case was voluntarily dismissed by plaintiff.  A

4    voluntary dismissal is prima facie proof that the litigation was determined adversely to plaintiff.

5    See Tokerud v. Capitolbank Sacramento, 38 Cal. App. 4th 775, 779-780 (1995).  Plaintiff makes

6    no showing regarding the nature of the voluntary dismissal.  Assuming arguendo that habeas

7    petitions are included in the definition of litigation under subsection (b)(1), only two of the

8    habeas cases cited by defendants count against plaintiff.  The remaining civil actions cited by

9    defendants include an action in which a motion to dismiss was granted.  ECF No. 21-1 at p. 11-

10   14.  This case clearly fulfills the statutory definition.  The second case relied on by defendants in

11   support of their motion is an action in which the federal court action was dismissed under

12   Younger abstention.  ECF No. 21-1 at p.16; Herships v. State of California, 2:14-cv-0089 KJM

13   CKD PS, ECF No. 6.  Because the case was not dismissed on the merits but under an abstention

14   doctrine, the court declines to construe said dismissal as a case "determined adversely" to

15   plaintiff.  In sum, defendants show at most three litigations determined adversely to plaintiff in

16   the prior seven years.  Thus, entry of a vexatious litigant order under subsection (b)(1) is not

17   warranted.

18        Defendants also contend that plaintiff Howard Herships has been declared a vexatious

19   litigant in state court and should be declared a vexatious litigant in this court as well.  Having

20   considered the basis of the state court's determination and upon review of the pleadings in the

21   federal action, the court declines to find defendant Herships vexatious under this standard.  The

22   basis of the state court action was a landlord-tenant action which is unrelated to the instant action.

23   ECF No. 21-1, Exh. D.[5]  Subsection (b)(4) is therefore inapplicable.

24   /////

25   _____

26   [5]  Defendants submit a copy of a vexatious litigant list from state court indicating that plaintiff
     Herships was declared a vexatious litigant by the San Francisco Superior Court on November 25,
27   2003.  The appellate court affirmed the vexatious litigant order on March 11, 2005.  ECF No. 21-
     1, Exh. D.
28

6

1    Finally, defendants point out only one other action that has been brought by plaintiff

2  Karen Fletcher, a landlord/tenant action venued in state court, which was dismissed with

3  prejudice.  Defense counsel contends the prior state court action filed by Karen Fletcher

4  demonstrates her association with plaintiff Howard Herships and asserts such an association is

5  sufficient reason to find plaintiff Fletcher vexatious as well.  One action does not a vexatious

6  litigant make.  There is simply no basis at this time to find plaintiff Karen Fletcher vexatious.

7  Accordingly, the court declines to enter an order requiring the posting of security.[6]

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  Defendants' motion for more definite statement (ECF No. 19) is granted; no later than

10  May 6, 2016, plaintiffs are granted leave to file a second amended complaint, limited to 40 pages,

11  exclusive of exhibits, that complies with the requirements of the Federal Rules of Civil

12  Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket

13  number assigned this case and must be labeled "Second Amended Complaint"; plaintiffs must file

14  an original and two copies of the second amended complaint; failure to file a second amended

15  complaint in accordance with this order will result in a recommendation that this action be

16  dismissed.

17    2.  The motion to strike (ECF No. 20) is denied without prejudice.

18    3.  Defendants' motion to declare plaintiffs vexatious litigants (ECF No 21) is denied.

19  Dated:  April 6, 2016

20    _____
    CAROLYN K. DELANEY
21  4  herships.vex.mds.slapp.2    UNITED STATES MAGISTRATE JUDGE

22

23

24  ────────────────────────
    [6]   Defendants also assert that plaintiffs have sent over 100 emails to defense counsel which have
    been taunting in nature, threatening State Bar disciplinary action and using profanity in referring
25  to defense counsel.  Plaintiffs are advised that the court will not tolerate such conduct.  Although
    plaintiffs' conduct does not meet the standards for imposition of a vexatious litigant order at this
26  juncture, plaintiffs are cautioned that they are subject to the provision of 28 U.S.C. § 1927 (A
    person "who so multiplies the proceedings in any case unreasonably and vexatiously may be
27  required by the court to satisfy personally the excess costs, expenses, and attorneys' fees
    reasonably incurred because of such conduct.").  See Wages v. Internal Revenue Service, 915
28  F.2d 1230, 1235-36 (9th Cir. 1990) (pro se plaintiff subject to section 1927 sanctions).